May it please the court, good afternoon. My name is Ted Hong. I represent the appellant John Rodrigues, Jr. with the court's permission. May I reserve five minutes for rebuttal. In its order granting summary judgment on December 30th, 2019, the district court wrongly interpreted the scope and application of LAOSA and there were material facts in dispute that should have gone to the trier back. My first point I'd like to make this afternoon is that LAOSA preempted state law and provided a private remedy under section 1983. The district court did not address the preemption issue or the private remedy issue under section 1983. In the city of Los Angeles case v. AECOM 854. Can I ask a question before you get there because I think you have a decent argument on preemption in my sense but I think one reason that it may not be relevant and I'd like to hear your response to this is there was probable cause to arrest Mr. Rodrigues for the threats that he had previously made and so even if there was not I grant you that there's some questions there. Why should we even delve into that? Why doesn't our analysis begin and end with was there probable cause based on the prior threats that were made while holding two guns and that's the beginning and the end of the analysis. I appreciate the question Judge Nelson. The reason is that in terms of title 18 and this ties in with my preemption argument. In terms of title 18 there's a comprehensive statutory scheme and so in this particular case if he violated or carried or transported or possessed firearms as a qualified retired law enforcement officer then he would be subject to five-year penalty in jail under 924 a1d as in delta and with respect to the terroristic threatening issue that would have been a violation of 18 U.S. code annotated 924 c1a and depending upon the particular act that would have been either a five-year or a 10-year sentence five-year under 924 c3 and 4 and a 10-year sentence under 924 g4. My point in terms of the preemption issue is if as the district court found he was a qualified retired law enforcement officer then if he violated LAOSA he was subject to federal prosecution not state court prosecution. In terms of what there preempts state law why couldn't he be charged with a state offense? The reason why he couldn't be charged with a state offense your honor as the district court found was he was a qualified retired law enforcement officer. That doesn't authorize him to engage in terroristic threatening. If those charges were proven or if there was probable no stop probable cause was there probable cause for an arrest is the question that's been put in front of you and to be honest I haven't heard anything that answers that question. Why was it what so answer this question this is a yes or no question was there probable cause for arrest? No. Regardless of what the charge was why wasn't there probable cause for arrest on that the first happened at 10 o'clock. That's not that's not the answer you gave me I asked you was there probable cause for any offense and you said no so I asked you about the threatening charge answer the question again was there probable cause for arrest on the threatening charge? No there wasn't probable cause to arrest on the threatening charge. Why not even your brief as outlining the facts on page five seems to me to indicate probable cause. Again there are two separate incidences here one involving Mr. Figueroa one involving Brooks and Lokman we have and in the third amendment complaint we are alleging facts with respect to Mr. Brooks and Figueroa the fallacy. You're trying to crawl out of my question again because I posed a question specifically about the threatening charge and you're trying not to answer that question this is your last try focusing you can tell me it's irrelevant I don't believe it is but you can tell me that but you're not answering my question was there probable cause for arrest on the threatening charge? No there was. Don't tell me that you're disregarding that episode because that's not answering the question. No there wasn't probable cause under state court law or federal court law to arrest my client with respect to terroristic threat. How I how can you say that because he was carrying guns is that why? He was how he had guns on his possession? Okay let me ask this type of thing you have a man not carrying any weapons uh he goes up to somebody and he says I'm gonna kill you I'm gonna shoot you you're gonna die that person feels threatened calls the police and the police come and arrest the man for making threats. Does probable cause exist in that scenario? Probable cause would exist in that scenario I submit however in this particular case those hypothetical facts do not apply because the facts were muddled if you look at detective report and also a detective police report who was the officer for the detective in charge of this investigation detective police said the threat that was being was conditional and that was the concern so was there probable cause to arrest my client? Let me read from your brief your brief page five according to Mr. Figueroa the appellant said he could put a bullet in Figueroa's head and that no one would find him that's your brief how is that not probable cause? I would point out that that statement was based on what my client said to the police commission five months after the event and that's at uh the the excerpts of the record four and five and also the supplemental excerpts of the record pages one through four those things I'm reading from your brief that's what Mr. Figueroa said how could that not be probable cause? Where did those statements come from your honor my point where what I'm trying to make in terms of that point is the district court was wrong because it pulled those statements that my client said before the police commission five months later and found and folded those in in terms of what was said and how it was said. Isn't it true that at the time of the arrest that Figueroa had already relayed to Kelly about what had happened so that at the time of the arrest that information was in the possession of the arresting officer? Yes your honor. Then that's probable cause if they relayed that to the officers what Figueroa said what Figueroa said is enough if we don't you don't have a trial on he provided information to the officers sufficient to constitute a terroristic threat why isn't that probable cause? I disagree your honor because again when you look through detective Kalihi's report and also uh detective Almeida's report they put down that the threat that was made was quote conditional under state law and again conditional on what? The statement was made that if you don't convey this to Mr. Brooks then I'm gonna I'm gonna shoot you. You're allowing to make conditional threats to shoot people? In this state if you're from you're going under state law one of the defenses that was identified and recognized by the police officers and detectives was that a conditional threat is not um a threat that you can use for terrorism and I just want to jump back on a particular issue. But that that may be a defense that may be a defense at trial you may make that to a jury on why you shouldn't be convicted but how in the world is a conditional threat uh not not probable cause for arresting for the threat? I would submit your honor that in terms of the statements that were given to detective Kalihi and also detective Almeida that what was said was not as clear as I think that um the police well. Let me read to what you cite in your brief it had nothing to do with the statement by your client months later it is to officer Kalihi's report. Figueroa stated the male party stated to him that he was a cop for 20 something years you think I don't know what I'm doing with this and something to the effect that he's going to put one bullet in his head and nobody going find him. That's pretty compelling evidence that there's at least probable cause isn't it? Again your honor our position is that probable cause with respect to Figueroa is probable cause with respect to Mr. Figueroa. He was my client was never arrested with respect to what happened to Mr. Brooks and Lopez and that's why again we're we from our perspective and we have always alleged from the beginning of this case that there are two separate incidents. Do you have any legal support for the proposition that you disregard probable cause if it wasn't for for events that are happening at the same on the same day you disregard probable cause for one offense and focus only on the other any prop any support for that? These were not one continuous series of events with individuals these are separate events. They all happened on the same day didn't they? Your honor I agree so that what you're saying judges if I can take your position is if I have a carjacking earlier in the morning and then I hijack another guy in a carjacking later on in the afternoon I can be charged with that probable cause for the first carjacking would apply to the second and I disagree. What I'm saying is that the arrest is supported by probable cause and you don't have a 1983 action for some kind of false arrest. If there was probable cause for the arrest that kind of ends the stories as I understand the law and I'm asking do you have any law to support your proposition that's not what it is. I haven't seen anything else. I haven't I haven't I agree with the court and I think this is a unique circumstance and I would submit that there is no case law to support what I think the court is saying with respect to this probable cause from another event applying to a separate a different event at a different time of the day. I would note with respect that I'm running out of time in terms of my rebuttal argument and I would ask the court to proceed. You want to reserve you want to reserve the rest of the time okay that's fine thank you. Mr. Horowitz. May it please the court Anna Horowitz on behalf of the FLEs. The district court did not err. Summary judgment was proper. The undisputed facts based largely but not exclusively on plaintiff's own testimony sworn testimony demonstrates that the FLEs were entitled to judgment as a matter of law. As your honors pointed out this case turns out whether probable cause existed and we feel that the record reflects that probable cause did in fact exist which means that the 1983 claim is without merit and in any case he would be entitled uh arresting officer would be entitled to qualified immunity. Yeah I so I understand that argument. I do want to ask though about probable cause let's say there had not been the prior arrest which you know I mean does obviously change the whole thing but with regard to the firearm claim is your is the government's position that there was probable cause for arrest on the fire? So issue yes your honor we we believe that there was probable cause to arrest on the firearms issue and I understand that there is some of the questions about Leosa. Our position is that Leosa applied to at most one of the weapons and that means that the other weapon that because Mr. Rodriguez the appellant was discovered with two weapons in this vehicle. But he had a he had Leosa applies to carrying a concealed weapon a single concealed weapon which would have covered one but not the other and therefore the other one was carried in violation of state law. So Leosa our position is that Leosa back up because how did he get he had a permit for both weapons correct? Correct he had a permit to own both weapons yes your honor. Oh I see but your your position is federal law would only protect you as one of those weapons the other one wouldn't fall under Leosa. Correct your honor and so because of that the unprotected gun which we believe based on the industry. Can we put that kind of weight on the use of the singular in Leosa when the dictionary act in title one says that when the singular is used in plural unless the context suggests otherwise here in Leosa does the context suggest or what? Seeing that it covered as many weapons as meet the criteria. Sure your honor I understand that and that argument was made before the district court to that we contend the question of the analysis of probable cause is based on objective reasonableness. A plain reading of the statute of a firearm our position is would entitle the arresting officer to say a firearm a singular firearm and therefore it could be. A qualified immunity argument? Yes your honor. Is it a qualified immunity I mean it may be but it seems to me what I heard you say is that for probable cause it doesn't mean you've got definitive proof leading to a conviction. I think you're trying to say that the standard of probable cause suspicion reasonable suspicion that a crime had been committed that the officer may not have been aware of the rule that a which otherwise is taken to be singular means plural doesn't by itself defeat probable cause. Correct your honor. And then you have your additional argument with regard to being qualified to carry some of the guns and I don't want to deprive you of that but as I understand the starting point is that judge Collins accurately observes as a federal statute that interchanges singular and plural I don't know there's any law that says it's going to defeat probable cause if an officer doesn't know about that. Correct your honor the reason that argument and perhaps it may have come out in the briefs a bit convoluted the reason that argument was made in that manner is because this was a motion for summary judgment before the district court and therefore the facts had to be taken in the light most favorable to the appellant so taking all of those arguments and facts in that favor the best we could articulate that argument as being that even if the officer had known all of those things had been well versed in constitutional and federal law which again he does not have to be under the standard then taking that it could still be reasonably interpreted that a firearm means a singular firearm and therefore there would be clear probable cause to arrest the plaintiff. Okay so I want to back up because separate and apart from I would assume if he had been arrested at the scene with two guns and he didn't have a card I would tend to agree that there was probably probable cause there that's not what happened what happened was he was told to go to the police office on his way they got the second report that hey he's been threatening this other person they put him you know in a holding room you know but they knew they had actual knowledge they knew he'd been a former police officer and had had a weapons permit why wouldn't they have taken the time to go and check whether he had a weapon permit and shouldn't they have had to do that in these circumstances where there's no immediate threat he didn't have access to his weapons at the time he's in a separate holding room they had actual knowledge at that point that he was an officer who likely had a permit why wouldn't they have had to check that and if they checked that then they would have known that they didn't have probable cause for the firearm respectfully your honor and to that end I respectfully disagree with that he did have a permit pursuant to leosa as our brief oh not pursuant to leosa yeah I thought he had a I thought he had a state permit am I wrong about that I'm not sure I understand the question go ahead you need for Hawaii law you need to distinguish between ownership and ability to carry and I think what council's talking about has to do not with ownership but as you know from other cases Hawaii law is very to carry either open or concealed and I don't think there's an argument that he had a Hawaii a state of Hawaii permit or a county permit for that but he had the right given to him under the federal statute and so he arguably did not need a state separate permit to permit him to carry I'll ask council to let me know if that's his understanding of the facts yes your honor thank thank you for clarifying I apologize for not including the full section from HRS then to make that clear used to influence he was charged with the trend he was charged not with possession but with transportation in violation of Hawaii's death yes your honor the under under our HRS framework transportation of firearms there's certain restrictions that need to be followed yes to be so I understand that and so that that's what he was actually charged with okay okay uh did I hope that that answered the previous question you had that your honor I think so okay thank you um but did the officer at the time have sufficient uh information was the officer aware of sufficient information to have probable cause that Leosa did not apply because the I issue is to whether the officer even looked at the uh at the ID card and so if he doesn't look at it and doesn't know what it says does he have enough facts at that point I understand the question your honor uh respectfully the issue was more along the lines of whether or not the appellee or appellant sorry that whether or not the those certifications to the police that they could make that because he never did although under that I thought he claimed that he did am I mistaken on that and on assembly judgment don't we have to take his version correct your honor we do have to take his version however even even the appellant was inconsistent about whether or not he said he said he may have and yet he never actually provided the documentation the exhibits showing that he did when in fact the exhibits taken we look at the exhibits objectively the firearm certifications the identification card that he did have it doesn't match up to the requirements under Leosa so therefore even if my question was whether the arresting officer knew that it didn't correct your honor and to to that point as I was um trying to point out even if um the appellant had presented everything there's no possible way that the arresting officer could have known that might have applied because Leosa didn't apply because he because the appellant didn't have sufficient documentation to show that he in fact complied with the federal statute of Leosa and so based on that he had a reasonable suspicion that the crime at least as far as the weapons were concerned to arrest at that point in time never mind the harassment and threatening which also provide a probable cause uh I guess at the end of the day um the appellant was a an admitted criminal who's seeking money for his lawful arrest which the district court correctly determined he was not entitled to and therefore we hold that the district court's uh decision should be properly affirmed thank you county thank you mr hong you have uh about three minutes for rebuttal thank you your honor um if i can clarify judge collins has pointed that out correctly in terms of the record and feel is that my client i'm not i'm not hearing you can you try to get a little closer please i apologize the judge collins was correct in his recitation of the facts my client specifically said on a numerous times that he presented his photo id card under leosa to the police officers detective kalihi and captain gelsbond they refused to look at so that's one of my concerns one of the other concerns that was raised in this particular issue is whether the arresting officer should have known what leosa says i submitted that it does because back in september 17th of 2014 at the record of exits of the record 214 through 215 it shows that all the police chiefs and the attorney general's office was aware were aware of what leosa required sign a memorandum of understanding and so that the attorney general's office is going to supply more instructions more regulations with respect to how leoso was going to be carried out and it was never done so detective or captain madera sergeant liloy who've been in the department for over 20 some odd years with sergeant liloy 29 years submitted declarations at the summary judgment level saying that at no time in their career had they been trained or given any training on leosa and what was only one there's only one arrest and even if you're right on everything about leosa does it matter if there was probable cause for the one arrest based on the terroristic i'm sorry your honor could you repeat that before he's only arrested once he wasn't arrested twice and so even if there was even if there were all the problems you say with leosa does any of that matter if the one arrest is justified by the probable cause to arrest him for the terroristic threat no your honor uh in our case and what our argument is is that again leosa preempts state law he shouldn't have been subject to arrest with respect to any state one arrest if if i'm an arresting officer and i have a menu of possible offenses and i i arrest that person and i'm aware of what i think are two offenses one i'm completely wrong i don't have probable cause but the other one i do isn't that this situation you know even if you're right on i disagree your honor under the villanueva case uh 2021 westlaw 28076 at page three talks about whether the officer acted reasonably and i i submit that in terms of the officer's actions in this particular case they did not act and that's kind of carried out in footnote 19 of uh judge kade's decision uh in the record on appeal and i see that my time is almost up i just want it but we we have uh we have your argument we have your briefs that we appreciate that the well-articulated uh arguments from both counsel i wanted to thank the court for the opportunity to argue via zoom and also i want to put on the record i wanted to thank the court staff for making this process so much easier i very much appreciate that we're all unanimous in that our staff is incredible so thank you uh i appreciate that uh that case is uh submitted and we'll move on to our third argument i do believe we will take a short break after this third argument and before the fourth argument
judges: Clifton, Nelson, Collins